## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

RELATED CORPORATE XIV SLP, L.P., )
*et al.*, )
 )
   Plaintiffs, )
v. )  Case No.  CIV-15-636-L
 )
ERC PROPERTIES, INC., *et al.*, )
 )
   Defendants. )

## DEFENDANTS' COMBINED SPECIAL ENTRY OF APPEARANCE, MOTION TO DISMISS OR, IN THE ALTERNATIVE, <u>MOTION TO STAY AND ABSTAIN AND SUPPORTING BRIEF</u>

Defendants, ERC Properties, Inc., Chapel Ridge of Emporia, LLC, ALFDC/ERC Housing Company, LLC and ERC Partners of Arkansas, LLC (collectively, "ERC" or "Defendants"), and appear specially for the limited purpose of filing this Motion to Dismiss or, in the Alternative, Motion to Stay and Abate, for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), for improper venue under Fed. R. Civ. P. 12(b)(3), due to another, previously-filed action pending between these same parties involving the same claims, and under the doctrine of *forum non conveniens*. In support of this Motion, Defendants would respectfully show the Court the following:

### <u>INTRODUCTION</u>

In their Complaint, Plaintiffs allege claims against Defendants solely related to the payment of an Incentive Management Fee to the General Partner of the six (6) Limited Partnerships at issue. All of these actions relate to the management of properties located in Arkansas and Kansas, by entities that are citizens of Arkansas and Kansas, and conduct

that occurred in Arkansas or Kansas. In other words, none of the causes of action alleged by Plaintiffs relate to any action, inaction or contact by Defendants in or with Oklahoma. Moreover, on June 8, 2015, *the day before Plaintiffs filed the present action*, Defendants filed their own declaratory judgment action in the Circuit Court of Sebastian County, Arkansas, Civil Division V, Greenwood District, Case No. CIV-85-G (the "Arkansas Lawsuit"). In the Arkansas Lawsuit, present Defendants (as Plaintiffs) seek a declaration that they are entitled to the Incentive Management Fee. As a result, this action should be dismissed or, in the alternative, stayed or abated as the parties litigate these issues in Arkansas.

## FACTUAL BACKGROUND

1.      On June 9, 2015, Plaintiffs filed the present action against Defendants. [*Dkt. 1*.]

2.      As noted in Plaintiffs' Complaint, Defendants are citizens of the State of Arkansas and the State of Kansas, and all have their principal places of business in Arkansas. *Complaint at ¶¶2-5.* [*Dkt. 1*.] None of the Defendants are citizens of the State of Oklahoma. *Affidavit of Rod Coleman, ¶4, Ex. "1."*

3.      In addition, Defendants, Chapel Ridge of Emporia, LLC, ALFDC/ERC Housing Company, LLC and ERC Partners of Arkansas, LLC, have no assets, offices, property, or business operations in Oklahoma. They do not reside, are not located and do not work in Oklahoma. Likewise, they neither own nor lease any real property in Oklahoma. They also have no bank or other financial accounts in Oklahoma. Defendant, ERC Properties, Inc., conducts some business in the State of Oklahoma. However, its

Oklahoma business does not relate to the payment of the Incentive Management Fee for the six (6) Limited Partnerships at issue in this action. *Id.*

4. Plaintiffs' claims relate to six (6) multi-family housing complexes located in Arkansas and Kansas. *Complaint at ¶¶11, 15, 19, 23, 27 and 31.* [*Dkt. 1.*] None of the properties at issue are located in Oklahoma. *Affidavit of Rod Coleman, ¶7, Ex. "1."*

5. The multi-family complexes are owned by six (6) separate Limited Partnerships, which are organized and existing under the laws of the State of Arkansas and the State of Kansas. *Complaint at ¶¶11, 15, 19, 23, 27 and 31.* [*Dkt. 1.*] None of the Limited Partnerships are citizens of the State of Oklahoma. *Affidavit of Rod Coleman, ¶8, Ex. "1."*

6. Plaintiffs, which are the Limited Partners of the Limited Partnerships at issue, are citizens of the State of Delaware. *Ex. "2."* None of the Plaintiffs are citizens of the State of Oklahoma. *Affidavit of Rod Coleman, ¶9, Ex. "1."*

7. Plaintiffs allege that Defendants, which are the General Partners of the Limited Partnerships at issue, improperly paid themselves an Incentive Management Fee. Plaintiffs seek a declaratory judgment and damages related to the payment of the Incentive Management Fee. *Complaint at pp. 17-20.* [*Dkt. 1.*] None of the acts at issue occurred in Oklahoma. *Affidavit of Rod Coleman, ¶3, Ex. "1."* They occurred in Arkansas. *Id.*

8. Because the present action does not relate to the State of Oklahoma in any way, this Court does not have personal jurisdiction and venue is improper.

9.     Perhaps more importantly, on June 8, 2015, *the day before Plaintiffs filed the present action*, Defendants filed their own declaratory judgment action in the Circuit Court of Sebastian County, Arkansas, Civil Division V, Greenwood District, Case No. CIV-85-G (the "Arkansas Lawsuit"). In the Arkansas Lawsuit, present Defendants (as Plaintiffs) seek a declaration that they are entitled to the Incentive Management Fee. *Complaint, Ex. "3."*

10.     Present Plaintiffs are all named Defendants in the Arkansas Lawsuit.[1] *Complaint, Ex. "3."*

11.     On June 10, 2015, present Plaintiffs (as Defendants) removed the Arkansas Lawsuit to the United States District Court for the Western District of Arkansas, Fort Smith Division, Case No. CIV-15-2117. *Notice of Removal, Ex. "4."*

12.     Present Defendants are all named Plaintiffs in the Arkansas Lawsuit. *Complaint, Ex. "3."*

13.     These two simultaneously pending actions involve the same parties, the same properties,[2] the same core of operative facts, and the same threshold claim – whether ERC is entitled to the Incentive Management Fee.

---

[1]     The only discrepancies are "Centerline Capital Housing Partnership I, L.P. – Series 2" and "RCHP SLP L.P. – Series 2," named Plaintiffs in the present action, versus "Centerline Housing Partnership I LP – Series 2" and "RCHP SLP I L.P. – Series 2," named Defendants in the Arkansas Lawsuit. Defendants believe that "Centerline Capital Housing Partnership I, L.P. – Series 2" and "RCHP SLP L.P. – Series 2," alleged Limited Partners of Forrest City Housing Associates Limited Partnership, an Arkansas limited partnership, are misnamed as Plaintiffs in the present action. The records of the Delaware Division of Corporations indicate the names of the respective entities are actually "Centerline Housing Partnership I LP – Series 2," a Delaware limited partnership, and "RCHP SLP I L.P. – Series 2," a Delaware limited partnership, as properly named as Defendants in the Arkansas Lawsuit. *Delaware Records, Ex. "5."*

14.     Thus, the Court should dismiss or, alternatively, stay or abate the present action for lack of personal jurisdiction, for improper venue, due to another action pending between these same parties involving the same claims, and under the doctrine of *forum non conveniens*. There is no connection among these parties, these properties or the claims to the State of Oklahoma. In contrast, multiple Defendants are citizens of the State of Arkansas, all of the Defendants have their principal places of business in the State of Arkansas, and multiple properties are located in the State of Arkansas.

## ARGUMENT AND AUTHORITIES

### A.     The Arkansas Lawsuit Precedes the Present Action.

The Tenth Circuit generally follows the "first-to-file" rule. *See Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982) (explaining "general rule that when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case"); *O'Hare Int'l Bank v. Lambert*, 459 F.2d 328, 331 (10th Cir. 1972) ("It is well established in this Circuit that where the jurisdiction of a federal district court has first attached, that right cannot be arrested or taken away by proceedings in another federal district court."); *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965) ("The rule is that the first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated.") The "first-to-file" rule provides that a court "which first acquire[s]

---

[2]   The Arkansas Lawsuit also involves additional parties and properties, related to the same pending claim – whether ERC is entitled to the Incentive Management Fee.

jurisdiction should be the one to try the lawsuit." *Roe v. Gray*, 165 F. Supp. 2d 1164, 1168 (D. Colo. 2001), *citing Great N. Ry. Co. v. Nat'l R.R. Adjustment Bd.*, 422 F.2d 1187, 1193 (7th Cir. 1970). Substantial similarity in the parties and issues is sufficient to invoke application of the rule. *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1485 (10th Cir. 1983).

The Arkansas Lawsuit was filed on June 8, 2015, the day *before* the present lawsuit was filed on June 9, 2015. The Arkansas Lawsuit involves the same parties and the same claims as the present lawsuit. The United States Supreme Court and the Tenth Circuit have made it clear that, where the issues in both lawsuits are the same, the second court should abstain from exercising jurisdiction. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942); *St Paul Fire and Marine Ins. Co. v. Runyon,* 53 F.3d 1167, 1169 (10th Cir. 1995). Because the Arkansas Lawsuit precedes the present action and these actions involve the same parties and issues, the Court should dismiss the present action and allow the United States District Court for the Western District Arkansas, Fort Smith Division, to adjudicate the parties' mirroring claims.

**B.** **This Court Is Not The Appropriate Forum.**

**1.** **Venue is Improper.**

Under 28 U.S.C. § 1391, a civil action based on diversity jurisdiction, like the case at bar, may be brought only in "(1) a judicial district in which any defendant resides, if all defendants are residents of the same State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is

situated; or, (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.* This statute does not provide a basis for venue in this District. The pending claims relate to the management of properties located in Arkansas or Kansas, entities that are citizens of Arkansas and Kansas, and conduct that occurred in Arkansas and Kansas. In other words, none of the claims alleged by Plaintiffs relate to any action, inaction or contact by Defendants in or with Oklahoma. Accordingly, Plaintiffs' selected venue is improper.

### 2.   Forum Non Conveniens.

The Tenth Circuit has explained that there are "two threshold questions" in determining whether a *forum non conveniens* dismissal is appropriate: "first, whether there is an adequate alternative forum in which the defendant is amenable to process, and second, whether foreign law applies." *See Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1172 (10th Cir. 2009). If there is an adequate alternative forum and foreign law applies, "the court goes on to weigh the private and public interests bearing on the *forum non conveniens* decision." *Id.* As noted by the United States Supreme Court:

> The factors pertaining to the private interests of the litigants include[] the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. The public factors bearing on the question included the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign

law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (citation omitted); *see also Gschwind v. Cessna Aircraft Co.*, 161 F.3d 602, 606 (10th Cir. 1998).

Here, none of the Plaintiffs are residents of the State of Oklahoma. *Affidavit of Rod Coleman, ¶9, Ex. "1."* In contrast, Defendants are residents of the State of Arkansas or have their principal places of business in Arkansas, some of the properties at issue are located in Arkansas, and all of the actions at issue occurred in Arkansas. *Complaint, ¶¶2-5, 15, 19*; *Affidavit of Rod Coleman, ¶¶3, 4, 7, Ex. "1."* Likewise, Plaintiffs have not and cannot establish that Oklahoma law applies to the present dispute. Either the law of Arkansas or Kansas, where the properties are located and/or where the conduct at issue occurred, would apply. Moreover, Plaintiffs attempt to inconvenience Defendants, by requiring that they litigate this dispute in Oklahoma. This shift of inconvenience should be rejected by the Court. Simply put, Arkansas (the alternative forum, where a previously-filed case is already pending involving the same parties and the same claims) has the most significant relationship to these claims and these parties. Thus, this case should be dismissed under the doctrine of *forum non conveniens.*

**C.**     **Defendants Should be Dismissed for Lack of Personal Jurisdiction.**

Finally, Defendants, Chapel Ridge of Emporia, LLC, ALFDC/ERC Housing Company, LLC and ERC Partners of Arkansas, LLC,[3] should be dismissed from the

---

[3]     Unlike the other named Defendants, ERC Properties, Inc. does conduct some business in the State of Oklahoma. However, the business conducted by ERC Properties, Inc. within Oklahoma

action pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure on the grounds that any court sitting in Oklahoma lacks *in personam* jurisdiction over such Defendants. The test of *in personam* jurisdiction under the Due Process Clause of the United States Constitution has been stated many times. A district court "may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The contacts of the defendant with the forum state must be such that the maintenance of the suit against the defendant does not offend "traditional notions of fair play and substantial justice." *Id.* at 292. The sufficiency of a defendant's contacts must be evaluated by examining the defendant's conduct and connections with the forum state to assess whether the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum state." *Hanson v. Denckla*, 357 U.S. 235, 253, *rehearing denied*, 358 U.S. 853 (1958).

Personal jurisdiction may be either *general* or *specific*. When a suit does not arise from or relate to a defendant's contact with the forum state, and jurisdiction is based on a defendant's presence or accumulated contacts with the forum, the district court exercises "general jurisdiction." Where there is no such continuous course of conduct, a plaintiff must prove "specific jurisdiction," which is jurisdiction based upon the contacts between the defendant and the forum out of which the plaintiff's cause of action against the defendant arose. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414

---

does not relate to the Incentive Management Fee paid by the six (6) Limited Partnerships alleged in the present Complaint. *Affidavit of Rod Coleman, ¶6, Ex. "1."*

(1984); *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1416 (10th Cir. 1988) (applying Oklahoma law in diversity case).

Plaintiffs have the burden of establishing *in personam* jurisdiction over Defendants. In other words, the Court must determine whether Plaintiffs have affirmatively established that Defendants have sufficient minimum contacts with Oklahoma such that exercising jurisdiction over Defendants will compute with "traditional notions of fair play and substantial justice." *World-Wide Volkswagen,* 444 U.S. at 292.

### 1. Plaintiff Cannot Establish That Oklahoma Courts Have General Jurisdiction Over Defendants.

"[B]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (internal quotes omitted). "Thus, to establish general jurisdiction, the defendant must be conducting substantial and continuous local activity within the forum state." *Smith v. Basin Park Hotel, Inc.*, 178 F. Supp. 2d 1225, 1230 (N.D. Okla. 2001).

Plaintiffs do not allege, and cannot establish, that Oklahoma courts have general jurisdiction over Defendants. Defendants, Chapel Ridge of Emporia, LLC, ALFDC/ERC Housing Company, LLC and ERC Partners of Arkansas, LLC, have little or no contact, let alone continuous and systematic contact, with the State of Oklahoma. Such

Defendants have no assets, offices, property, or business operations in Oklahoma. They do not reside, are not located and do not work in Oklahoma. Likewise, they neither own nor lease any real property in Oklahoma. They also have no bank or other financial accounts in Oklahoma. *Affidavit of Rod Coleman, ¶5, Ex. "1."* In short, Defendants, Chapel Ridge of Emporia, LLC, ALFDC/ERC Housing Company, LLC and ERC Partners of Arkansas, LLC, have no "continuous and systematic" contacts with Oklahoma, as required to establish general jurisdiction over such Defendants. Accordingly, Plaintiffs have not and cannot establish general jurisdiction over Defendants.

> **2.      Plaintiffs Cannot Establish That Oklahoma Courts Have Specific Jurisdiction Over Defendants.**

Unable to establish general jurisdiction over Defendants, Plaintiffs must show "the relationship among the defendant, the forum, and the litigation." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984). A defendant's "random, fortuitous, or attenuated contacts" with the forum are not a proper basis for specific jurisdiction — rather, specific jurisdiction requires "some act by which the defendant *purposefully* avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *See Bell Helicopter Textron, Inc. v. Heliqwest Int'l., Ltd.,* 385 F.3d 1291, 1296 (10th Cir. 2004) (citations omitted) (emphasis added). Therefore, in order for specific jurisdiction to exist, two distinct requirements must be met: "first, that the out-of-state defendant must have purposefully directed its activities at residents of the forum state, and second, that the plaintiffs['] injuries must arise out of

defendant's forum-related activities." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (citations omitted). Even if those conditions are met, the Court "must still inquire whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice." *Id.* at 1240 (citation omitted). None of the elements necessary for the exercise of specific jurisdiction are satisfied here.

In their Complaint, Plaintiffs allege claims against Defendants solely related to the payment of the Incentive Management Fee. All of these actions relate to the management of properties located in Arkansas and Kansas, by entities that are citizens of Arkansas and Kansas, and conduct that occurred in Arkansas or Kansas. In other words, none of the causes of action alleged by Plaintiffs relate to any action, inaction or contact by Defendants in or with Oklahoma. There simply are insufficient contacts by Defendants with Oklahoma in regard to Plaintiffs' claims. Because there is insufficient contact by Defendants with Oklahoma which is in any manner related to this litigation, Plaintiffs cannot establish specific jurisdiction by an Oklahoma court over Defendants and, thus, Defendants should be dismissed. *See Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989) (affirming dismissal because "[plaintiff]'s complaint fails to allege any facts in support of its conclusory statement that [defendant] is conducting business in Oklahoma"); *Lillard v. Stockton*, 267 F. Supp. 2d 1081, 1099 (N.D. Okla. 2003) ("For purposes of establishing jurisdiction, only the well pled facts of the complaint, as distinguished from mere conclusory allegations, must be accepted as true . . . . Plaintiffs' attempt to manufacture personal jurisdiction through conclusory allegations . . . is insufficient to establish jurisdiction. Plaintiffs fail to identify or allege any 'actions' that

[defendant] 'purposefully directed' toward or within Oklahoma.") (internal citations and quotations omitted).

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendants, ERC Properties, Inc., Chapel Ridge of Emporia, LLC, ALFDC/ERC Housing Company, LLC and ERC Partners of Arkansas, LLC, respectfully request that this Court abstain from exercising jurisdiction over this matter. This Court should dismiss the present action or, in the alternative, stay or abate these proceedings pending resolution of the Arkansas Lawsuit, for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), for improper venue under Fed. R. Civ. P. 12(b)(3), due to another, previously-filed action pending between these same parties involving the same claims, and under the doctrine of *forum non conveniens*.

Respectfully submitted,

 */s/ Mark K. Stonecipher*
Mark K. Stonecipher, OBA No. 10483
FELLERS, SNIDER, BLANKENSHIP,
 BAILEY & TIPPENS, P.C.
100 N. Broadway Avenue, Suite 1700
Oklahoma City, OK 73102-8820
Telephone:   (405) 232-0621
Facsimile:   (405) 232-9659
Email:       mstonecipher@fellerssnider.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 21st day of July, 2015, a true and exact copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to all attorneys of record in this matter registered with the Court's CM/ECF system.

*/s/ Mark K. Stonecipher*
Mark K. Stonecipher

667865

14